

CIRCUIT COURT
Civil Division
189 MAIN ST.
ABINGDON VA 24210
276-676-6224

Summons

To:  MALCOLM PERDUE                    Case number: 191CL06000046-00
     602 W MORGAN AVENUE SUITE 3
     PENNINGTON GAP
     VIRGINIA
     24277

The party upon whom this Summons and the attached Complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this Subpoena.

Done in the name of the Commonwealth of Virginia on, Friday, February 03, 2006.

Clerk of Court: KATHY P. CRANE

By: *Tammy K. Hampton*
       (Clerk/Deputy Clerk)

Instructions:

Attorney's name: YEARY, EMMITT
                 PO BOX 1685
                 ABINGDON
                 VIRGINIA 24212

VIRGINIA:

IN THE CIRCUIT COURT OF WASHINGTON COUNTY

CYNTHIA A. LOGAN, M.D., )
      Plaintiff )
)
v. ) Case No. CL06-46
)
ST. CHARLES HEALTH COUNCIL, INC., )
a Virginia corporation, )
doing business under the fictitious name )
of Stone Mountain Health Services, )
Serve: Greg Edwards, R/A )
      1 Main Street )
      St. Charles, VA 24282 )
)
And )
)
BICKLEY CRAVEN, M.D., )
Damascus, VA 24236 )
)
And )
)
GEORGE WAGNER, M.D., )
Washington County, VA )
)
And )
)
MALCOLM PERDUE, )
602 W. Morgan Avenue, Suite 3 )
Pennington Gap, VA 24277 )
)
      Defendants )

## COMPLAINT

The plaintiff, Cynthia A. Logan, M.D., requests judgment against the defendants, St. Charles Health Council, Inc., Bickley Craven, M.D., George Wagner, M.D., and Malcolm Perdue, jointly and individually, on the

1

grounds and in the amounts set forth herein and in support thereof states as follows:

1. Plaintiff (hereinafter also referred to as "Dr. Logan") is a licensed medical doctor practicing medicine in the Commonwealth of Virginia. At all times relevant herein the plaintiff is and has been practicing medicine as an employee of defendant St. Charles Health Council, Inc. at the Konnarock Family Health Center (hereinafter referred to as the "Clinic") in the Konnarock community of Washington County, Virginia.

2. Defendant, St. Charles Health Council, Inc. is a Virginia corporation operating its trade and business in the Commonwealth of Virginia by operating a number of medical facilities in Southwest Virginia including the Konnarock Family Health Center in Konnarock, Virginia. Defendant St. Charles Health Council, Inc. also does its business and trade under the fictitious name of Stone Mountain Health Services.

3. Defendant Bickley Craven, M.D., (hereinafter referred to as "Craven") is and was at all times relevant herein, employed by defendant St. Charles Health Council, Inc. as the Medical Director for all of St. Charles Health Council, Inc.'s several facilities and is and was at all times relevant herein a medical doctor licensed to practice

2

medicine in the Commonwealth of Virginia and all times relevant herein practiced her medical trade in Washington County, Virginia and in the several other counties in Southwest Virginia where the defendant St. Charles Health Council, Inc. had clinics.

4. Defendant George Wagner, M.D., (hereinafter referred to as "Wagner") is and was at all times relevant herein a medical doctor licensed to practice medicine in the Commonwealth of Virginia and employed by defendant St. Charles Health Council, Inc. and who is and was at all times relevant herein practicing medicine and his medical trade as a physician at the Konnarock Family Health Clinic and one or more of the other clinics of the defendant St. Charles Health Council, Inc.

5. Defendant Malcolm Perdue (hereinafter referred to as "Perdue") is and was at all times relevant herein the Chief Executive Officer of the defendant St. Charles Health Council, Inc. and at all times relevant herein pursued his trade or business of an executive administrative officer with the defendant St. Charles Health Council, Inc. Perdue also represents that he is the president of the organization and/or Stone Mountain Health Services.

6. At all times relevant herein the defendants Perdue, Wagner and Craven were employees and agents of the

3

defendant St. Charles Health Council, Inc. and were acting within the scope of their employment.

7. On or about April 2002 defendant St. Charles Health Council, Inc. began to operate the Konnarock Family Health Center and employ Dr. Janice Gable and Dr. Cynthia Logan as the two resident physicians to provide primary health care to patients seeking medical care at the Konnarock Family Health Center in the Konnarock Community of Washington County, Virginia, (also hereinafter referred to as "the Clinic").

8. Prior to Dr. Gable and Dr. Logan being employed by St. Charles Health Council, Inc., they had been in private practice and practiced medicine together at the same location in Konnarock.

9. The St. Charles Health Council, Inc. at all times relevant herein had entered into a contract, agreement or arrangement with the Veterans Administration Hospital located in Johnson City, Tennessee, known as the Mountain Home VA Hospital whereby the Veterans Administration (hereinafter also referred to as "VA") would credential certain authorized and qualified physicians employed at the Konnarock Family Health Center to provide initial and continuing and out-patient primary health care to military Veterans and enable them to use their VA benefits at the

4

Konnarock facility for their medical care. Pursuant to this arrangement the Veterans Administration would pay St. Charles Health Council, Inc. for such services provided to the Veterans. This arrangement also allowed the Clinic to provide for the initial enrollment for a Veteran to receive primary health care at either the Konnarock Clinic or the VA Hospital in Johnson City, Tennessee. As an integral part of this contract or arrangement, however, the physicians at the Konnarock clinic had to fulfill certain requirements of the VA and only then were provided an identification code which would allow the physician to "electronically" transmit by computer, prescriptions and/or have computer access to confidential patient files at the Johnson City facility. At all times relevant herein, Dr. Gable and Dr. Logan were the only doctors practicing at the Konnarock Family Health Center that had such credentials and authorization. Dr. Gable and Dr. Logan could with their VA credentialing electronically retrieve patient records from the VA and Veterans could use their VA benefits and entitlements to receive primary health care from Dr. Gable and Dr. Logan at the Konnarock facility. These credentialed physicians could also electronically write and transmit prescriptions for medicine for the military Veteran patients to the VA pharmacy in Johnson

5

City, Tennessee and have the prescriptions filled by the VA pharmacy in Johnson City, Tennessee.

10. On or about May 28, 2005, Dr. Gable left her practice and employment with St. Charles Health Council, Inc. and moved to northern Virginia. Dr. Logan, however, continued her employment with St. Charles Health Council, Inc. and continued to practice medicine at the Konnarock Clinic.

11. Shortly before or after Dr. Gable's leaving the Konnarock Clinic, the defendant St. Charles Health Council, Inc. employed defendant Dr. George Wagner to replace Dr. Gable. Upon information and belief, defendant Wagner soon after Dr. Gable's departure wrongfully began to use or cause to be used Dr. Gable's name and "pass code" and in effect her DEA (Drug Enforcement Agency) number to write prescriptions to be filled at the VA Hospital in Johnson City, Tennessee, all of which was without the knowledge or consent of either Dr. Gable or Dr. Logan. Wagner's wrongful use of Dr. Gable's name and VA code and DEA number was facilitated by other employees and agents of the defendant St. Charles Health Council, Inc. acting in the course of their employment and upon information and belief at the actual direction and command of defendant Craven.

6

12. Upon information and belief, defendant Wagner for several weeks and on numerous occasions after Dr. Gable had left the Konnarock practice and up and until on or about August 1, 2005, continued to wrongfully use the name and pass code of Dr. Gable all without the knowledge or consent of Dr. Gable or Dr. Logan.

13. On or about August 1, 2005, the plaintiff, Dr. Logan took approximately five weeks of vacation and was absent from the Clinic during this time. During Dr. Logan's absence from the Clinic defendants Craven and Wagner wrongfully and illegally directed personnel at the Clinic to use Dr. Logan's name and Veterans Administration pass code (and in effect the plaintiff's electronic signature and DEA number) to submit prescriptions for drugs to the Mountain Home VA Hospital pharmacy in Johnson City, Tennessee. These prescriptions were for drugs prescribed by defendant Wagner, all without the knowledge or consent of Dr. Logan.

14. In order for a physician to have computer access to the VA pharmacy and patient's medical records at the VA Hospital in Johnson City, Tennessee the physician had to be certified and authorized by the VA. This authorization was only after the physician underwent certain training and met certain criteria of the VA. At all times relevant herein

7

both Dr. Gable and Dr. Logan had met these requirements and had the necessary credentials. At all times relevant herein neither defendant Craven nor defendant Wagner had such credentials or authority.

15. During Dr. Logan's absence from the Clinic while on her vacation and completely unknown to her, prescriptions submitted to be filled by the pharmacy at the Veterans Administration Hospital in Johnson City, Tennessee, were fraudulently and illegally "written" and were submitted with the use of Dr. Logan's name and code by defendant Wagner at the direction and/or instruction and/or permission of defendant Craven. Many of the "bogus" prescriptions written and/or transmitted by defendant Wagner in Dr. Logan's name were for potentially lethal and/or highly addictive drugs.

16. During the time that Dr. Gable and Dr. Logan were both employed by defendant, St. Charles Health Council, Inc., St. Charles Health Council, Inc. had prescription pads printed with both Dr. Gable's and Dr. Logan's name printed thereon and provided such pads to Dr. Gable and Dr. Logan for their use. After Dr. Gable left the Konnarock Clinic, St. Charles Health Council, Inc. provided a prescription pad for Dr. Logan's use with only her name printed thereon. Although defendant Wagner had been

8

employed almost immediately before or after the departure of Dr. Gable, St. Charles Health Council, Inc. did not provide printed prescription pads with Dr. Wagner's named printed thereon for use by defendant Wagner. Likewise, defendant Wagner did not provide any such prescription pads with his name on such pads. The defendant St. Charles Health Council, Inc. instead provided Dr. Wagner with Dr. Logan's prescription pads with only Dr. Logan's name thereon, for defendant Wagner to use. Defendant Wagner then used such pads to write prescriptions for drugs, all without the knowledge or consent of Dr. Logan.

17. Over a period of several months defendant Wagner wrote numerous prescriptions for drugs on the prescription pads, which bore only Dr. Logan's printed name, and signed the prescriptions in such illegible fashion that they were taken by pharmacies to be prescriptions written by Dr. Logan. Although defendant Wagner could have easily printed his own name on the prescription pad or just another piece of paper he made no effort to nor did he even handprint his name on the pads that contained only the name of Dr. Logan. During this period of time defendant St. Charles Health Council, Inc. failed to provide prescription pads with Dr. Wagner's name thereon even though such was readily available in the market place or could easily be computer

9

generated "on the spot" at the Clinic. The use of Dr. Logan's prescription pads by Wagner was all done with the knowledge and consent of the defendants Purdue and Craven and without, however, the knowledge or consent of Dr. Logan. The prescriptions written by defendant Wagner using the pads containing only Dr. Logan's printed name during this period of time were in such a deceptive manner that they were filled by local pharmacies under the name of and attributed to Dr. Logan when in fact they had been written by Dr. Wagner, all without Dr. Logan's knowledge or consent. Unwittingly, various pharmacies filled the "Wagner" prescriptions and entered these prescriptions into their records as though the prescriptions were written by Dr. Logan - when in fact they were actually written by defendant Wagner. A number of the prescriptions were for potentially dangerous and/or highly addictive narcotic drugs.

18. Upon the return from her vacation in September of 2005, Dr. Logan learned of defendants' illegal and unauthorized use of her name and pass code with the Veterans Administration. At that time Dr. Logan also learned that defendants St. Charles Health Council, Inc. and Craven had authorized and facilitated defendant Wagner's illegal, unauthorized and fraudulent use of her

10

name and VA code in writing and transmitting multiple prescriptions to the VA.

19. Upon learning of this fraudulent conduct, Dr. Logan immediately notified defendant St. Charles Health Council, Inc. and its CEO, defendant Perdue, and defendant Craven that she strongly objected to Wagner's misuse of her name and VA code and requested and implored the defendants to take all appropriate steps to correct the records regarding the prescriptions that had wrongfully been attributed to her by Wagner and Craven.

20. Notwithstanding Dr. Logan's repeated requests, appeals and exhortations to the defendants, defendants failed and refused to take any sufficient or appropriate steps to have the pharmacies and others correct their records to properly reflect the identity of the prescribing physician for the prescriptions that were illegally and wrongfully submitted under Dr. Logan's name and VA code and attributed to her DEA number. Incredibly, defendant Craven on at least one occasion arrogantly told Dr. Logan that nothing "can or will be done" to correct the records and that Dr. Logan risked throwing a "monkey wrench" in the VA system and/or arrangement with the VA. Moreover, defendant Wagner was even heard to declaim "this is health care fraud" in response to his being directed by defendant

11

Craven to use Dr. Logan's and/or Dr. Gable's name and VA code for his prescriptions that were being transmitted to the VA under Dr. Logan's and/or Dr. Gable's name and code. Notwithstanding this admission and acknowledgment of the fraud being committed on Dr. Logan and the health care system, Wagner nevertheless transmitted and/or caused to be transmitted and continued to transmit numerous prescriptions written by him [Wagner] to the VA using Dr. Logan's name and code, all without her knowledge or consent.

21. At no time did the defendant St. Charles Health Council, Inc. or any of its officers or directors take any sanctions against defendants Wagner and Craven for their fraudulent and illegal conduct nor take any appropriate corrective action to protect Dr. Logan and/or the patients from harm that had resulted or could result from this fraudulent conduct.

22. The "bogus" prescriptions written and/or transmitted by defendant Wagner wrongfully using Dr. Logan's name to the Veterans Administration were "filled" by the Veterans Administration listing Dr. Logan as the prescribing physician, on the VA records and the "medicine bottles" or containers for the drugs provided to the patient.

12

23. Neither defendants Perdue nor St. Charles Health Council, Inc. imposed any sanctions against the defendants Wagner and Craven for their wrongful and inappropriate and egregious conduct.

24. The defendants and the officers and directors of St. Charles Health Council, Inc. failed and continue to fail to report the illegal and wrongful conduct of defendants Craven and Wagner to any appropriate medical boards or other appropriate state or federal authorities. Incredibly, defendant Craven criticized Dr. Logan for objecting to defendant Wagner's unauthorized use of her name and admonished and chastised Dr. Logan for going "over her [Craven's] head" in reporting the matter to the VA and told Dr. Logan that she (Dr. Logan) risked throwing a "monkey wrench" in the VA system and/or arrangement with the VA. Defendants St. Charles Health Council, Inc., Perdue and Craven have treated plaintiff with disrespect, discourtesy and disdain in response to her objection to the wrongful and illegal use of her name, VA code and in effect her DEA number.

25. The drugs that defendant Wagner prescribed while fraudulently and illegally using plaintiff's name and Veterans Administration code included highly addictive drugs which plaintiff typically does not prescribe. In at

13

least one instance an addictive drug wrongfully attributed to Dr. Logan by Wagner's wrongful use of her name and VA code was for the very drug she had refused to prescribe for that particular patient.

26. In order to identify doctors who are illegally prescribing drugs to drug abusers, Virginia has developed a program by which pharmacies are required to transmit statistics or data to the Commonwealth of Virginia regarding the physician's prescription habits for certain drugs. Under this program, the Commonwealth of Virginia is able to analyze the physicians' prescription writing habits and create a prescription writing profile on the physician. This profiling enables Virginia and the United States Attorney to identify and prosecute physicians who are illegally prescribing drugs and patients who are illegally using certain drugs.

27. The fraudulent and illegal actions of defendants have wrongfully exposed Dr. Logan to the risk of criminal prosecution by creating circumstances under which plaintiff's prescription drug profile with Virginia contains inaccurate information because prescriptions written by defendant Wagner are now listed in the Virginia data bank as prescriptions written by Dr. Logan. Because of this inaccurate prescription profile, Dr. Logan faces an

14

increased risk of criminal and professional investigation and/or prosecution.

28. The wrongful actions of defendants as set forth herein have wrongfully exposed Dr. Logan to potential medical malpractice claims and the potential loss of her freedom by having prescriptions falsely attributed to her when in fact she had no knowledge or anything to do with the writing of the prescriptions.

## COUNT 1

29. The foregoing actions constitute the unauthorized use of plaintiff's name in violation of Va. Code § 8.01-40.

## COUNT 2

30. The foregoing actions constitute fraud.

## COUNT 3

31. The defendants have knowingly, willfully, wantonly, recklessly and fraudulently used Dr. Logan's name in such manner as is forbidden by law and is illegal, (both civil and criminal) and have refused to take appropriate steps to correct the records regarding the unauthorized use of her name, wherefore, for this and the foregoing, plaintiff is entitled to punitive and exemplary damages.

WHEREFORE, plaintiff asks for judgment against defendants, jointly and severally, as follows:

15

a. One Hundred Fifty Thousand Dollars ($150,000.00) in compensatory damages.

b. Three Hundred Fifty Thousand Dollars ($350,000.00) in punitive and exemplary damages.

c. Pre-judgment interest.

d. Court costs.

e. All other relief that the Court believes is appropriate.

A trial by jury is requested.

CYNTHIA A. LOGAN, M.D.

By Counsel

COUNSEL:

Emmitt F. Yeary
YEARY & ASSOCIATES, P.C.
P.O. Box 1685
Abingdon, Virginia 24212
Phone No.: 276-628-9107
Bar No. 03679

_____
Counsel for Plaintiff

James N. L. Humphreys
HUNTER, SMITH & DAVIS, LLP
P.O. Box 3740
Kingsport, TN 37664
Phone No.: 423-378-8862
Bar No. 27868

_____
Counsel for Plaintiff

17

Case 1:06-cv-00039-JPJ-PMS   Document 1-3   Filed 03/03/06   Page 18 of 18   Pageid#: 26