Not Intended for Print Publication

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **CYNTHIA A. LOGAN**, | ) |
| Plaintiff, | ) Case No. 1:06CV00039 |
| v. | ) **OPINION** |
| **ST. CHARLES HEALTH COUNCIL, ET AL.**, | ) By: James P. Jones |
| | ) Chief United States District Judge |
| Defendants. | ) |

*James N.L. Humphreys, Hunter, Smith & Davis, LLP, Kingsport, Tennessee, and Emmitt F. Yeary, Yeary & Associates, P.C., Abingdon, Virginia, for Plaintiff; Monica L. Mroz and Matthew Pritts, Woods Rogers PLC, Roanoke, Virginia, for Defendants; Julie C. Dudley, Assistant United States Attorney, Roanoke, Virginia, for Amicus Curiae, United States of America.*

The plaintiff, a physician, filed a state privacy statute claim in state court arising out of her employment by a federally-assisted health care center. I find that the action is not one that Congress intended to cover under the Federal Tort Claims Act and thus remand it to state court.

I

The plaintiff filed the present complaint in the Circuit Court of Washington County, Virginia, against the defendants, St. Charles Health Council, Inc., Bickley

Craven, M.D., George Wagner, M.D., and Malcolm Perdue. St. Charles Health Council, Inc. ("St. Charles"), operates certain medical facilities in Virginia, including the Konnarock Family Health Center ("Konnarock Clinic"), at which the plaintiff practiced medicine beginning in April 2002. It is alleged that the other defendants are employed by St. Charles at the Konnarock Clinic.

The complaint alleges that through a contract between St. Charles and the Department of Veterans Affairs ("VA"), the plaintiff became credentialed to provide certain medical services to veterans at the Konnarock Clinic. Pursuant to the contract and after fulfilling certain training and other requirements, the plaintiff was provided an identification code that allowed her to electronically transmit prescriptions to the VA hospital pharmacy in Johnson City, Tennessee, and access VA patient files.

The plaintiff alleges that when she took a vacation, the defendant Dr. Wagner, at the direction of the other defendants, began using the plaintiff's name and identification code to write prescriptions to be filled at the VA pharmacy. The plaintiff further alleges that Dr. Wagner used a prescription pad bearing only the plaintiff's name to write prescriptions that were thus erroneously attributed to the plaintiff. In addition, the plaintiff alleges that upon her return from vacation the defendants refused to take remedial action to correct the records related to the prescriptions. The plaintiff contends that the defendants acted without her knowledge

or consent, and that their actions violated the Virginia privacy statute. *See* Va. Code Ann. § 8.01-40 (Michie 2000) (creating cause of action for unauthorized use of name for commercial purposes).

The defendants removed the action to this court, asserting subject matter jurisdiction on the basis that the defendants are deemed employees of the Public Health Service in accord with the provisions of the Federally Supported Health Centers Assistance Act of 1995, Pub. L. No. 104-73, 109 Stat. 777 (1995) (codified as amended at 42 U.S.C.A. § 233(g) (West Supp. 2005)), and that the plaintiff's claims are thus subject to the Federal Tort Claims Act, 28 U.S.C.A. § 1346 (West 1993 & Supp. 2005). The plaintiff in turn has filed a Motion to Remand, disputing the court's jurisdiction. The motion has been briefed and argued and is ripe for decision.

II

The Federal Tort Claims Act provides the exclusive remedy for damage for personal injury resulting from "the performance of medical, surgical, dental, or related functions" by Public Health Service employees acting within the scope of their employment at the time of the incident giving rise to the claim. 42 U.S.C.A. § 233(a). The plaintiff contends, with the support of the United States as amicus curiae,

that § 233 should not extend to the present claim. The plaintiff offers several reasons for her assertion. First, the plaintiff contends that because her claims do not sound in medical malpractice, neither § 233 nor 28 U.S.C.A. § 1346 apply. She also contends that because her complaint alleges violation of a state statute prohibiting invasion of privacy and the misuse of her identity, her injury was not caused by medical treatment rendered to her by the defendants, and is thus outside the scope of § 233(a). She alleges further that the Secretary of Health and Human Services has expressly limited coverage to the present defendants under the statute's "deeming" provision. I review each assertion in turn.

First, the plaintiff asserts that § 233(a) was intended to cover only medical malpractice claims and that because her state law fraud claim falls outside the definition of "medical malpractice," it is not covered by § 233(a). I disagree with the plaintiff's generalization, and find that neither the language of the statute nor the relevant case law support that construction limiting § 233 only to medical malpractice cases. In assessing the scope of the statute, I must not look beyond its plain language unless there is an ambiguity or a literal reading of the statute that contradicts the stated legislative intent. *See United States v. Sheek*, 990 F.2d 150, 152-53 (4th Cir. 1993). Congress, in drafting the statute, failed to use plain language limiting the statute to medical malpractice suits; instead, the statute covers "damage for personal

injury . . . resulting from the performance of medical, surgical, dental, or related functions." 42 U.S.C.A. § 233(a). This may include suits by patients for injuries resulting from "medical functions" that are not tied specifically to patient care. For example, in *Baskette v. United States*, No. 6:05CV00034, 2006 WL 148752, *1-2 (W.D. Va. Jan. 19, 2006), this court considered a suit by patients against a doctor for failure to provide them their medical records, although the court dismissed the case without prejudice for failure to state a claim under state law. While that case did not assert medical malpractice, the court found it covered by § 233(a). *Id*. at *1. I decline to hold that subject matter jurisdiction does not attach solely because the plaintiff's claim is not one for medical malpractice.

While I disagree with the plaintiff's generalization regarding medical malpractice claims, I agree with her that the facts particular to this case render it outside the scope of what Congress plainly intended to cover in § 233(a). The plaintiff argues that the dispute arises out of her status as an employee and her employment relationship with the defendants, rather than as a patient. I find persuasive the plaintiff's argument that the statute was intended to cover injuries arising out of the doctor-patient relationship, rather than those arising from an employment relationship. While the particular language of § 233(a) does not expressly refer to malpractice cases, language in subsequent sections indicates that

the statute's intent is to provide coverage for patient-related claims. *See* 42 U.S.C.A. § 233(g)(2) ("If . . . a cause of action is instituted against the United States pursuant to this section, any claim . . . for benefits under an insurance policy with respect to *medical malpractice* . . . shall be subrogated to the United States.") (emphasis added); § 233(h)(1) ("The Secretary may not approve an application . . . unless . . . the entity has implemented appropriate policies and procedures to reduce the risk of malpractice [or] . . . lawsuits arising out of any health or health-related functions."); § 233 (n)(1)(A), (D) (Risk exposure report required on "[t]he medical malpractice liability claims experience of entities that have been deemed employees" and "[a] comparison of the costs and the benefits to taxpayers of maintaining medical malpractice liability coverage for such entities.") Thus, the language of the statute does not indicate an intent to cover disputes like this one.

Further, the case law finding coverage under the statute consistently involves an injury resulting from a physician's actions toward a patient or another individual seeking medical treatment, and has excluded coverage in the context of employment disputes. *Compare Cuoco v. Moritsugu*, 222 F.3d 99, 107 (2d Cir. 2000) (coverage in suit alleging injury to patient seeking estrogen treatment); *Teresa T. v. Ragaglia*, 154 F. Supp. 2d 290, 299-300 (D. Conn. 2001) (duty to report suspected child abuse a "related function" under § 233, so suit covered), *Rivera v. Morris Heights Health*

- 6 -

*Ctr.*, No. 05CV10154, 2006 WL 345855, at *2-3 (S.D.N.Y. Feb. 14, 2006) (coverage in negligence suit by patient against treating physicians, although dismissal for failure to exhaust administrative remedies), *with Mendez v. Belton*, 739 F.2d 15, 19 (1st Cir. 1984) (no coverage for civil rights suit brought by employee-physician against employer). Here, because the plaintiff's claims arise out of an employment relationship with the defendants, I find that the statute does not apply to the present case.

I do not find persuasive the plaintiff's argument regarding the Secretary of Health and Human Services' "deeming" authority. Section 233(g)(1)(D) gives the Secretary the discretion to "deem" an entity to be an employee, based on a showing that the entity or its employees meet the required standard. The plaintiff argues that because the deeming letter submitted by the Secretary in this case withholds coverage under the statute, that the letter controls my decision, even in light of contradictory statutory language. However, neither the statutory text nor any case law supports the plaintiff's construction of the statute. Accordingly, I decline to adopt the plaintiff's reading of the statute's "deeming" provision.

The plaintiff's argument regarding the St. Charles employment manual is also without merit. While the document affirmatively states that the Federal Tort Claims Act applies exclusively to medical malpractice claims, the manual contains a

provision limiting it to a "descriptive document," which is not to be considered as a comprehensive legal analysis. Thus, the handbook is not relevant to the present matter.

In brief, I find that while § 233(a) is not expressly limited to malpractice actions, the plain language of the statute and the case law interpreting it indicate that Congress did not intend the statute to extend to employment disputes like the one in this case. Because the statute does not cover the plaintiff's cause of action, removal to this court is improper for lack of subject matter jurisdiction. The plaintiff's arguments relating to the "deeming" provision and the employment manual are without merit.

III

For the foregoing reasons, the plaintiff's Motion to Remand will be granted. A separate order will be entered forthwith.

DATED: May 1, 2006

/s/ JAMES P. JONES
Chief United States District Judge